OPINION
On April 5, 2000, the Richland County Grand Jury indicted appellant, Daniel L. Finley, on one count of vandalism in violation of R.C.2909.05(B)(1)(a), a felony of the fifth degree. Said charge arose from an incident wherein appellant accelerated his pick-up truck and struck a vehicle carrying his wife and her male friend. No one was injured, but appellant's insurance company did pay for the damages to the victim's vehicle.
On July 24, 2000, appellant pled guilty as charged. By judgment entry filed September 14, 2000, the trial court sentenced appellant to eleven months in prison, and ordered appellant to pay a $1,000 fine and restitution in the amount of $3,993.47.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT/APPELLANT TO ELEVEN (11) MONTHS IN PRISON CONTRARY TO THE SENTENCING STATUTES OF OHIO.
 II THE TRIAL COURT ERRED WHEN IT ORDERED DEFENDANT/APPELLANT TO MAKE RESTITUTION TO DEFENDANT/APPELLANT'S INSURANCE COMPANY FOR AMOUNTS IT PAID UPON BEHALF OF DEFENDANT/APPELLANT.
 I
Appellant claims the trial court erred in sentencing him to eleven months in prison. We disagree.
R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(1) states as follows:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
That the record does not support the sentence;
* * *
That the sentence is otherwise contrary to law.
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Appellant pled guilty to one count of vandalism, a felony of the fifth degree. R.C. 2909.05(E). A trial court may impose a prison term for a fifth degree felony if any of the factors under R.C. 2929.13(B)(1) are found. R.C. 2929.13(B)(2)(a). The trial court found pursuant to R.C.2929.13(B)(1)(b) that appellant "attempted or threatened harm with a deadly weapon." See, Judgment Entry filed September 14, 2000.
Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." By judgment entry filed September 14, 2000, the trial court sentenced appellant to eleven months in prison.
Pursuant to R.C. 2929.14(B), if an offender has not previously served a prison term, as is the case herein, a trial court shall impose the shortest prison term available unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In sentencing appellant to more than the shortest prison term, the trial court found "that the shortest prison term will demean the seriousness of the offense and will not adequately protect the public." See, Judgment Entry filed September 14, 2000.
During the sentencing hearing, the trial court discussed the seriousness of the offense, "ramming a person's truck who you suspected of having some social interaction with your wife, with the snowplow on a truck." September 13, 2000 T. at 9. The trial court had before it a presentence investigation report which described several incidents of domestic violence between appellant and his wife and appellant and his girlfriend. Id. at 10-13. The trial court concluded the following:
 It's that darker violent side which you seem unable to control, even while you're under charge for other criminal offenses that concerns me, Mr. Finley. It's that violent streak, the assault with the deadly weapon in this case, and subsequent inability to control your temper which convinces me you are not a good candidate for probation.
Id. at 13.
Upon review, we cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in ordering him to pay restitution to his insurance company. We agree.
R.C. 2929.18 governs financial sanctions. Subsection (A)(1) permits the imposition of restitution "by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." However, [t]he court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance."
Pursuant to the Statement of Fact Restitution filed on September 14, 2000, the trial court ordered restitution in the amount of $1,012.50 to the victim and $2,980.97 to appellant's insurance company.
Pursuant to R.C. 2929.18(A)(1), the trial court erred in ordering restitution to the insurance company. The order of restitution in the amount of $2,980.97 is reversed.
Assignment of Error II is granted.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed in part and reversed in part. Costs to appellant.
Hon. Sheila G. Farmer, P.J., Hon. John W. Wise, J. and Hon. John F. Boggins, J. concur.